**United States District Court**
For the Northern District of California

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR-08-463-1 JSW |
| v. | **ORDER ON MOTIONS** |
| CARL BERNARD, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court upon consideration of the following motions filed by Defendant Carl Bernard: (1) Motion for Bill of Particulars as to Count One of the Superseding Information; (2) Motion to Disclose Information Regarding the Confidential Informant; (3) Motion for Disclosure of Expert Witnesses and Federal Rule of Criminal Procedure 16(a)(1)(G) Materials; and (4) Motion for Production of Henthorn Materials.  Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds these matters suitable for disposition without oral argument.  Accordingly, the hearing on these motions is converted to a status conference.  The Court's rulings on the motions are set forth in the remainder of this motion.

## BACKGROUND

On July 15, 2008, the Government filed the original indictment in this case and charged Defendant with one count of violating 18 U.S.C. § 922(g)(1), Felon in Possession of Ammunition.  (Docket No. 1.)  On November 12, 2008, the Government filed a Superseding

Information and charged Defendant with one count of violating 21 U.S.C. § 841(a)(1), (b)(1)(C), Possession with Intent to Distribute Crack Cocaine, and one count of violating 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Docket No. 26.) On November 14, 2008, Defendant entered a plea of guilty to both counts of the Superseding Information. (Docket No. 28.) On February 2, 2009, the Court granted a stipulated motion to withdraw the guilty plea, and Defendant entered a plea of guilty to Count One of the Superseding Information. (Docket Nos. 39, 41.) On April 2, 2009, the Court rejected the plea agreement. (Docket No. 46.)

On June 18, 2009, Defendant moved to withdraw his guilty plea, and the Government filed a Superseding Indictment. (Docket Nos. 56, 57.) Count One of the Superseding Indictment alleges that:

> [b]eginning on a date unknown to the grand jury but no later than June 17, 2008, and ending on a date unknown to the grand jury but not earlier than June 27, 2008, in the Northern District of California, the defendant CARL BERNARD and other persons did knowingly conspire to distribute and possess with intent to distribute a Schedule II controlled substance, to wit: 5 grams or more of crack cocaine, a mixture and substance which contained cocaine base, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(B).

Count Two of the Superseding Indictment alleges that on June 17, 2008, the Defendant violated 21 U.S.C. § 841(a)(1), (b)(1)(B), Distribution of, and Possession with Intent to Distribute, 5 Grams or More of Crack Cocaine.

On July 6, 2009, the Court granted the Government's motion to dismiss the original indictment and the superseding information, and on August 27, 2009, the Court granted the motion to withdraw the guilty plea. (Docket Nos. 62, 67.)

**ANALYSIS**

**1.      Motion for a Bill of Particulars.**

Defendant moves for a bill of particulars with respect to Count One of the Superseding Indictment and asks that the Government be ordered to provide: (1) the identities of any individuals alleged to have been a member of the conspiracy; (2) the precise date on which the conspiracy was formed and the date on which each alleged co-conspirator joined or withdrew

1 from the conspiracy; (3) the precise date on which the conspiracy terminated; and (4) for each
2 alleged conspirator, the date, location and description of all acts and statements he or she
3 allegedly did or made that constitute the agreement to join the conspiracy.  (Mot. at 9.)  The
4 Government opposes the motion and argues that the information in Count One, in conjunction
5 with the discovery provided to Defendant, is sufficient to enable Defendant to prepare a defense
6 to this charge.  The Court agrees.

7 Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing
8 of a bill of particulars."  "The bill of particular serves three functions: 'to inform the defendant
9 of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid
10 or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction
11 or acquittal in bar of another prosecution for the same offense when the indictment is too vague,
12 and indefinite for such purposes.'"  *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir.
13 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)); *see also United*
14 *States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are
15 to minimize the danger of surprise at trial and to provide sufficient information on the nature of
16 the charges to allow preparation of a defense.").

17 However, a defendant may not use a motion for a bill of particulars to obtain full
18 discovery of the Government's evidence.  *Geise*, 597 F.2d at 1181 (concluding court did not
19 abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of
20 every act in furtherance of a conspiracy, when indictment and discovery provided defendant
21 with information sufficient to meet purposes of a bill of particulars); *see also United States v.*
22 *Yeargain*, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the
23 evidence the government intends to produce, but only the government's theory of the case.").
24 Further, when a court is considering whether to order a bill of particulars, it "should consider
25 whether the defendant has been advised adequately of the charges through the indictment and
26 all other disclosures made by the government."  *United States v. Long*, 706 F.2d 1044, 1054
27 (9th Cir. 1984).
28

3

1 Defendant does not provide any specific information as to why the discovery provided is
2 not sufficient to enable him to defend against this charge, except to note that it "is not
3 voluminous and ... strongly suggests that there is no evidence of a conspiracy...." (Reply Br. at
4 5.) The Court concludes that Defendant is not entitled to the information that he seeks. *See*
5 *United States v. DiCesare*, 765 F.2d 890, 897-98 (9th Cir. 1985) (stating that a bill of
6 particulars is not warranted to obtain names of unknown co-conspirators, exact overt acts or
7 precise timing of conspiracy); *Geise*, 597 F.2d at 1181.

Accordingly, Defendant's motion for a bill of particulars is DENIED.

**2.  Motion to Disclose Information Regarding the Confidential Informant.**

Defendant moves for an order disclosing information relating to the confidential informant who conducted the controlled purchases of narcotics forming the basis for the charges in this case. "The government has a limited privilege to withhold an informant's identity." *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (citing *Rovario v. United States*, 353 U.S. 53, 59 (1957)). When determining whether to grant a motion to disclose the identity of an informant, a court must balance "(1) the extent to which disclosure would be relevant and helpful to the defendant's case, and (2) the government's interest in protecting the identity of a particular informant. In [making this determination,] the court must consider 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* "The burden of proof is on the defendants to show need for the disclosure." *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989).

Because the Government expects to call the confidential informant as a witness at trial, it concedes that it must disclose his or her identity and material impeachment information to the Defendant. However, the Government asks that the Court permit it to withhold the confidential informant's address and that it issue an Order directing the Government to make the requisite disclosures by December 31, 2009, or file with the Court a showing as to why a later disclosure date is necessitated by interests of witness safety. In support of these requests, the Government attests that the confidential informant in this case has cooperated in other unrelated transactions and cases, which resulted in criminal convictions and lengthy prison sentences for the persons

4

1  involved, and that it has legitimate concerns for his safety.  (*See* Declaration of Richardson
2  Price, ¶¶ 5-8.)

3  At this time, the Court concludes Defendant has not established a clear need for the
4  confidential informant's address, especially in light of the Government's offer to deliver an
5  interview request to the confidential informant and to arrange for such an interview if he or she
6  agrees to one.  *See United States v. Hernandez*, 608 F.2d 741, 745-46 (9th Cir. 1979).  Further,
7  the Court finds that disclosure of the confidential informant's identity and impeachment
8  material on or about December 31, 2009, will provide the Defendant with adequate time to
9  prepare his defense.  Further, if, upon disclosure of that material, Defendant believes that any
10 additional motions in limine are necessary, and if Defendant can establish good cause, the Court
11 would look favorably on a request to file such motions.

12 Accordingly, Defendant's motion for disclosure of information regarding the
13 confidential informant is GRANTED IN PART AND DENIED IN PART.

14 **3.      Motion for Disclosure of Expert Witnesses and Federal Rule of Criminal 16(a)(1)(G) Materials.**
15

16 Defendant moves for an Order requiring the Government to disclose the identity of any
17 expert witnesses it intends to call at trial and the bases for those experts' opinions.  In response,
18 the Government states that it expects to offer expert testimony from the chemist who tested the
19 narcotics at issue in this case.  The Government also argues that it has satisfied its obligations
20 under Federal Rule of Criminal Procedure 16(a)(1)(G), because it has disclosed the chemist's
21 report, his bench notes, data on the tests performed and his curriculum vitae.  Defendant
22 concedes that, in light of this disclosure, his motion is moot.  Accordingly, the motion is
23 DENIED AS MOOT on that basis.

24 In two footnotes and in the conclusion of his motion, Defendant also requests disclosure
25 of any evidence that the Government intends to introduce pursuant to Federal Rule of Evidence
26 404(b) and disclosure of any state or local law enforcement officers expected to be called as
27 witnesses.  The Government contends that it has advised Defendant of Rule 404(b) evidence on
28 which it intends to rely, and Defendant does not dispute this assertion.  Accordingly, that

request is DENIED AS MOOT, and Defendant may challenge any such evidence in his motions in limine. The Court also notes that the ruling is without prejudice to the Defendant later moving to exclude any Rule 404(b) evidence that has not been disclosed in a timely fashion.

With respect to Defendant's request for the disclosure of any state or local law enforcement officers or agents who will be called as witnesses, that request is DENIED. Defendant will obtain this information on December 28, 2009, and thus will have sufficient time to subpoena any personnel files sufficiently in advance of the February 1, 2010 trial date.

**4.      Motion for Production of Henthorn Materials.**

Finally, Defendant moves for an order requiring the Government to produce, by a date certain, materials pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1990). Pursuant to *Henthorn*, "when confronted with a request by a defendant for the personnel files of testifying officers[,] ... the government must 'disclose information favorable to the defense that meets the appropriate standard of materiality....'" *Id.* (quoting *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984)); *see also id.* (noting that it is the government's duty to examine personnel files). The Government does not oppose the motion and states that once it has determined which witnesses it will offer at trial, it will "ask the agencies that employ the government's witnesses to disclose the to the undersigned any potential impeachment information on the witnesses," and will then disclose to the defense any material impeachment information.

The trial in this matter is set for February 1, 2010, the pretrial conference is set for January 11, 2009, and the parties' pretrial filings are due on December 28, 2009. It is HEREBY ORDERED that once the Government has determined which witnesses it intends to call at trial, it shall request and review the personnel files of those testifying officers and/or agents and shall disclose any material information that is favorable to the defense by no later than January 4, 2010. "If the [Government] is uncertain about the materiality of information in its possession, it may submit the information" to this Court for an *in camera* inspection and evaluation on that same date. *Henthorn*, 931 F.2d at 31.

//

Accordingly, Defendant's Motion for Disclosure of *Henthorn* Material is GRANTED.

**IT IS SO ORDERED.**

Dated: December 4, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE