UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>CARL BERNARD,<br>    Defendant. | Case No. 08-cr-00463-JSW-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 206 |

Defendant has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. section 2255, and he asserts one claim for relief: that his sentence violates due process of law in light of *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015). (Docket No. 206.)

On December 10, 2009, Defendant entered a guilty plea to one count of distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(B)(iii). (Docket No. 107.) On April 29, 2010, the Court sentenced Defendant to a term of imprisonment of 188 months. (Docket Nos. 138, 141.) Defendant had one prior felony conviction for robbery, and one prior felony conviction for possession or purchase of cocaine base for sale. The Court therefore found that Defendant qualified as a career offender pursuant United States Sentencing Guidelines section 4B1.1.

On October 15, 2013, the United States Court of Appeals for the Ninth Circuit issued an opinion affirming his plea agreement and sentence. The Court of Appeals found that Defendant's plea and plea agreement barred his appeal, and it found that his plea and corresponding waiver was knowing and voluntary. (Docket No. 187.)

On March 26, 2015, Defendant moved to vacate his sentence pursuant to 28 U.S.C. section 2255, on the basis that his counsel was ineffective for failing to argue one of his prior convictions

1  did not qualify as a controlled substance offense.  (Docket No. 193.)  The Court denied that

2  motion on April 17, 2015.  (Docket No. 195.)

3  On August 10, 2015, Defendant filed a motion to amend his judgment to remove several

4  conditions of supervised release.  (Docket No. 197.)  On September 15, 2015, the Court granted

5  that motion, and it issued an amended judgment.  (Docket Nos. 203-204.)

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted).  "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

Based on the issues raised in Defendant's motion, the Court finds that a response from the Government is warranted.  The Court defers ruling on Defendant's request for oral argument until the motion is ripe.  If, after reviewing the papers, the Court concludes that oral argument is necessary, it will advise the parties.

1. The Government shall file with the court and serve on Defendant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Defendant.  If the Government requires additional time to respond,

United States District Court
Northern District of California

1  it shall file a request for an extension one week before the deadline for filing its answer expires.

2.   If Defendant wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the Government within 30 days of his receipt of the answer. If Defendant requires additional time to file his reply, he shall file a request for an extension one week before the deadline for filing the reply expires.

**IT IS SO ORDERED.**

Dated: April 29, 2016

_____
JEFFREY S. WHITE
United States District Judge